TERRY AND JO ANN FALCON, INDIVIDUALLY AND AS HUSBAND AND WIFE AND JOYCE FALCON
v.
CLARENDON INSURANCE COMPANY, STEVE KENT TRUCKING, INC., MARTIN R. LEGER, JR., DANNY CHILDERS, OIL MOP, L.L.C., MASTER VAC HYDRO SERVICES, L.L.C., MASTER VAC INDUSTRIAL SERVICES, L.L.C. AND STATE OF LOUISIANA, DEPARTMENT OF ENVIRONMENTAL QUALITY
No. 2006 CA 2418
Court of Appeal of Louisiana, First Circuit,
September 14, 2007.
NOT DESIGNATED FOR PUBLICATION
RICHARD A. THALHEIM, JR., Attorney for Plaintiffs/Appellants, Terry and Jo Ann Falcon and Joyce Falcon.
DAVID P. SALLEY, Attorney for Defendant/Appellee, Oil Mop, Inc.
EDWIN FLESHMAN, Attorney for Defendant/Appellee, Master Vac Hydro Services, L.L.C.
THOMAS P. DIAZ, Attorney for Defendant/Appellee, Master Vac Industrial Services, L.L.C.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C. J.
Property owners, Terry Falcon, Jo Ann Falcon, and Joyce Falcon ("Plaintiffs"), appeal a judgment granting partial summary judgment and dismissing their claims against Oil Mop, Inc. ("Oil Mop"), relating to cleanup of a chemical spill on their properties. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
This matter arises from a single vehicle accident, in which a truck owned by Steve Kent Trucking, and driven by its employee, overturned, spilling drilling mud and diesel fuel onto plaintiffs' properties. On the day of the accident, Steve Kent Trucking sent contractors, including Oil Mop, to plaintiffs' properties for purposes of cleaning the spill. The cleanup ceased at dusk and resumed the next day. After completion, soil sampling was conducted under the direction of Louisiana's Department of Environmental Quality ("DEQ") and it was determined that no further cleanup action was required under DEQ's guidelines.
Subsequently, plaintiffs brought suit against numerous defendants including Steve Kent Trucking and Oil Mop, alleging, inter alia: trespass; property damages due to the original spill and its inadequate cleanup; damage to a driveway caused by heavy equipment used in the cleanup; and further damage to the driveway as well as personal injury to one of the plaintiffs caused by unstable gravel that was poured over the driveway.[1] Oil Mop answered, then filed a motion for summary judgment contending there was no issue of material fact regarding the lack of any liability on its part. In support of its motion, Oil Mop argued that it owed no duty to plaintiffs, that the property was properly cleaned, and that its actions in cleaning the property were not the cause-in-fact of plaintiffs' damages. The trial court granted partial summary judgment in favor of Oil Mop, dismissing plaintiffs' claims against Oil Mop, "except for those claims in which the plaintiffs allege that Oil Mop caused any damages independent of and in addition to the damages caused by the original tortfeasor" and has certified the judgment as final and appealable pursuant to LSA-C.C.P. art. 1915.[2] Plaintiffs now appeal.[3]

DISCUSSION
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Bergeron v. Argonaut Great Cent. Ins. Co., 06-0813 (La. App. 1 Cir. 2/9/07), 958 So.2d 676, 678, writ denied, 07-0418 (La. 3/23/07), 951 So.2d 1109. An issue of negligence or fault can be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court. Blackledge v. Font, 06-1092 (La. App. 1 Cir. 3/23/07), ___ So.2d ___, ___.
As the moving party, Oil Mop bears the burden of proof on the motion for summary judgment. However, since Oil Mop will not bear the burden of proof at trial on the issue of its liability, Oil Mop's burden on the motion for summary judgment does not require that it negate all essential elements of plaintiffs' claims. Instead, Oil Mop need only point out to the court that there is an absence of factual support for one or more elements essential to plaintiffs' claims, actions, or defenses. Thereafter, plaintiffs must produce factual evidence sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. If plaintiffs fail to meet this burden, there is no genuine issue of material fact, and Oil Mop is entitled to summary judgment. LSA-C.C.P. art. 966(C)(2); See Bergeron, 958 So.2d at 678.
The applicable substantive law determines materiality, therefore, whether a particular fact in dispute is material can be seen only in light of the substantive law of the case. The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under LSA-C.C. art. 2315. This approach provides an analytical framework for evaluation of liability. One analysis requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Lemann v. Essen Lane Daiquiris, Inc., 05-1095 (La. 3/10/06), 923 So.2d 627, 632-633.
Herein, plaintiffs do not contend it was anyone other than Steve Kent Trucking who caused the chemicals to spill onto their property. There is no dispute that Steve Kent Trucking was 100% at fault in spilling the chemicals. Accordingly, under LSA-C.C. art. 2315, it was solely the duty of Steve Kent Trucking to repair the property damage caused by its fault. See LSA-C.C. arts. 2315, 2323, 2324; Wooley v. Lucksinger, 06-1167, 06-1168, 06-1169 (La. App. 1 Cir. 5/4/07), ___ So.2d ___, ___.
After de novo review, we find no evidence to support a finding that Oil Mop's actions in removing the chemicals (even if done in an untimely manner as plaintiffs suggest) caused plaintiffs damages above and beyond the damages caused by Steve Kent Trucking in spilling the chemicals. The essential cause-in-fact and damages elements are missing from plaintiffs' negligence claims against Oil Mop arising from the chemical spill caused by Steve Kent Trucking and Oil Mop's actions in cleaning that spill. The trial court properly granted summary judgment dismissing those claims. However, as previously noted, those claims in which the plaintiff alleges that Oil Mop caused damage independent of and in addition to the damages caused by the original tortfeasor continue to be viable.

CONCLUSION
For the reasons set forth, the judgment appealed from is affirmed. One half of the costs of this appeal are assessed to Oil Mop, with the other half assessed to Terry Falcon, Jo Ann Falcon, and Joyce Falcon.
AFFIRMED.
NOTES
[1] Plaintiffs have settled and dismissed their claims against Steve Kent Trucking.
[2] We interpret the trial court's judgment to dismiss only those claims arising from the original spill and subsequent damages. We do not interpret the trial court's judgment to extend to the claims for trespass, damages to the driveway, and personal injury to Joyce Falcon allegedly caused during the cleanup. We express no opinion as to the validity or viability of such claims. Thus, our review is limited to plaintiffs' negligence claims arising from the chemical spill and cleanup.
[3] Oil Mop has neither appealed nor answered plaintiffs' appeal. Accordingly, our review is limited to the trial court's dismissal of those claims against Oil Mop for damages caused by the original tortfeasor, Steve Kent Trucking.